IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD A. MILLER                          :
3111 West Montgomery Avenue                 :
Philadelphia, PA 19121                      :
                                            :
        vs.                                 :
                                            :
POLICE OFFICER THORNTON                     : Civil Action No.
BADGE NUMBER 2668                           :
Individually and as a police officer        :
for the City of Philadelphia                :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building            :
1515 Arch Street, 14th Floor                :
Philadelphia, PA 19102-1595                 :
        and                                 :
POLICE OFFICER HENRY                        :   JURY TRIAL DEMANDED
BADGE NUMBER 6099                           :
Individually and as a police officer        :
for the City of Philadelphia                :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building            :
1515 Arch Street, 14th Floor                :
Philadelphia, PA 19102-1595                 :

## COMPLAINT

### Jurisdiction

1.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

### Parties

2.  Plaintiff, Reginald A. Miller, is an adult individual who resides at 3111 West Montgomery Avenue, Philadelphia, Pennsylvania 19121 and at all times relevant to this action was

present in Philadelphia, Pennsylvania.

3. Defendant, Police Officer Thornton, Badge Number 2668, is at all times relevant hereto employed by the City of Philadelphia as a police officer for the Philadelphia Police Department acting under color of state law and within the course and scope of his employment with the Philadelphia Police Department. He is being sued in his individual capacity.

4. Defendant, Police Officer Henry, Badge Number 6099, is at all times relevant hereto employed by the City of Philadelphia as a police officer for the Philadelphia Police Department acting under color of state law and within the course and scope of his employment with the Philadelphia Police Department. He is being sued in his individual capacity.

5. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Reginald A. Miller, of his constitutional and statutory rights as hereinafter described.

## Factual Allegations

6. On March 3, 2018 Plaintiff, Reginald Miller, was lawfully operating a vehicle. More specifically, he was acting as a Uber driver and at or near the intersection of 13th Street and Samson Street in the City of Philadelphia, he stopped his vehicle to let off a passenger.

7. Shortly after his passenger disembarked, he was

2

approached by Defendant, Officer Thornton, and/or Defendant, Officer Henry, who immediately began berating the Plaintiff screaming at him "What the f _ _ _ are you doing." Plaintiff responded that he was working and trying to make a living same as the officer.

8. Defendant, Officer Thornton, and/or Defendant, Officer Henry, then asked Plaintiff for his driver's license, registration and insurance papers. Plaintiff immediately complied.

9. The Defendant officer returned to his police vehicle. A few minutes later the Defendant officer came back to Plaintiff's car and gave him a citation for illegally parking. Plaintiff protested the ticket explaining that he had not been parked at all he had been merely letting a passenger out. Plaintiff then pulled away and drove a short way down the street.

10. After Plaintiff pulled over the second time, he called 911 and requested a Philadelphia police supervisor to come to the scene.

11. Seeing that Plaintiff was on the phone, Plaintiff was reapproached by the Defendant, Officer Thornton, and/or Defendant, Officer Henry. Defendant, Officer Thornton, and/or Defendant, Officer Henry, learned that Plaintiff had called for a supervisor and he became angry. He returned to his police car and a few minutes later, once again, approached Plaintiff and

3

asked him if he had a license to carry a firearm.  Plaintiff answered in the affirmative.  The Defendant police officer then, without probable cause or reasonable suspicion, illegally searched Plaintiff.  When he searched Plaintiff, he discovered Plaintiff was legally carrying his legally registered firearm.  Further, at all times relevant hereto, Plaintiff had a license to carry said firearm on his person.  Despite the above, Defendant Thornton and/or Defendant Henry illegally seized Plaintiff's firearm.

12.  At no time did Plaintiff engage in any illegal activity nor did Plaintiff ever engage in any conduct which could have been considered a threat to the Defendant officer or to anyone else.

13.  At no time relevant hereto, did Plaintiff engage in any behavior which would have given any of the Defendant officers reasonable suspicion, much less probable cause, to believe that the Plaintiff was engaged in any criminal activity.

14. The seizure of Plaintiff's firearm by Defendant, Officer Thornton, and/or Defendant, Officer Henry, was made in violation of Plaintiff's rights guaranteed to him by the Second, Fourth and Fourteenth Amendments to the United States Constitution.

15.  Solely as a result of the actions of the Defendant officers, Plaintiff's license to carry a firearm was revoked. The license to carry was revoked without any cause whatsoever and

4

was done in violation of the rights guaranteed to Plaintiff by the Second, Fourth and Fourteenth Amendments to the United States Constitution.

16. As a result of the illegal revocation of Plaintiff's license to carry a firearm, Plaintiff had to take an appeal from that decision and was forced to pay attorney's fees and attend two separate court hearings in the Criminal Justice Center in order to have his license to carry a firearm reinstated.

17. In fact, on January 15, 2019 Plaintiff's license to carry a firearm was reinstated.

18. Solely as a result of the actions of the Defendant officers herein, Plaintiff had his legally owned and legally registered firearm illegally confiscated. As a result of the illegal confiscation, Plaintiff was forced to file a motion for the return of property, had to expend attorney's fees and had to attend two hearings in the Criminal Justice Center.

19. On or about October 9, 2019 the Honorable Benjamin Learner of the Court of Common Pleas of Philadelphia ordered the return of Plaintiff's firearm to him.

20. As a direct and proximate result of the actions of all Defendants herein, Plaintiff, Reginald Miller, suffered and continues to suffer physical and/or psychological harm, pain and suffering, some or all of which may be permanent.

21. Defendant, Officer Thornton, and/or Defendant, Officer

Henry, engaged in the aforesaid conduct for the purpose of violating Reginald Miller's constitutional rights by subjecting him to an illegal search and seizure.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

22.  Plaintiff, Reginald Miller, incorporate by reference paragraphs 1 through 21 of the instant Complaint.

23.  As a direct and proximate result of all Defendants' conduct, committed under state law, Plaintiff, Reginald Miller, was deprived of his right to be free from an illegal search and seizure, to be secure in his person and property and to due process of law.  As a result, Plaintiff, Reginald Miller, suffered and continue to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Second, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

24.  As a direct and proximate result of the acts of all Defendants, Plaintiff, Reginald Miller, sustained emotional harm, loss of liberty and financial losses, all to his detriment and harm.

25.  Defendants have by the above described actions deprived Plaintiff, Reginald Miller, of rights secured by the Second, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Reginald Miller, requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle,
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 – phone
(215) 689-2803 – fax
pgeckle@pgglaw.com – Email

Counsel for Plaintiff